```
1   John T. Masterson, Bar #007447
    Michele Molinario, Bar #020594
2   Justin M. Ackerman, Bar #030726
    JONES, SKELTON & HOCHULI, P.L.C.
3   40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
4   Telephone:  (602) 263-1700
    Fax:  (602) 200-7850
5   jmasterson@jshfirm.com
    mmolinario@jshfirm.com
6   jackerman@jshfirm.com

7   Attorneys for Defendants James Driscoll and
    Matt Figueroa
8
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Guillermo Tenorio-Serrano, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>James Driscoll, Coconino County Sheriff; Matt Figueroa, Jail Commander of the Coconino County Jail; Matt Ryan, member of the Board of Directors of the Coconino County Jail District; Lena Fowler, member of the Board of Directors of the Coconino County Jail District; Jim Parks, member of the Board of Directors of the Coconino County Jail District; Elizabeth Archuleta, member of the Board of Directors of the Coconino County Jail District; Art Babbott, member of the Board of Directors of the Coconino County Jail District, all in their official capacities,<br><br>Defendants. | NO. 3:18-cv-08075-DGC-BSB<br><br>**DEFENDANTS' JAMES DRISCOLL AND MATT FIGUEROA'S ANSWER TO VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND SPECIAL ACTION** |

Defendants, James Driscoll and Matt Figueroa, by and through undersigned counsel, for their Answer to Plaintiff's Complaint, admit, deny and allege as follows:

Defendants deny each and every, all and singular, of the allegations contained in Plaintiff's Complaint and each claim for relief thereof which is not

6625858.1

hereinafter expressly admitted or otherwise pleaded to.

**PETITION FOR SPECIAL ACTION & COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

2. In answering Paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff was arrested on December 11, 2017 and charged with various misdemeanors involving extreme driving under the influence of alcohol.

3. In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit the allegations.

4. In answering Paragraph 4 of Plaintiff's Complaint, Defendants deny the allegations.

5. In answering Paragraph 5 of Plaintiff's Complaint, Defendants deny the allegations.

6. In answering Paragraph 6 of Plaintiff's Complaint, Defendants deny the allegations.

**JURISDICTION AND VENUE**

7. In answering Paragraph 7 of Plaintiff's Complaint, Defendants deny that the Complaint raises a proper Special Action.

8. In answering Paragraph 8 of Plaintiff's Complaint, Defendants deny the allegations.

9. In answering Paragraph 9 of Plaintiff's Complaint and its sub-parts (a)-(d), Defendants deny the allegations.

10. In answering Paragraph 10 of Plaintiff's Complaint, Defendants deny the allegations.

6625858.1

2

11. In answering Paragraph 11 of Plaintiff's Complaint, Defendants admit that the Complaint purports to seek injunctive relief.

12. In answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that the Complaint purports to seek declaratory relief.

13. In answering Paragraph 13 of Plaintiff's Complaint, Defendants admit that ordinarily the provisions of A.R.S § 12-821.01 do not apply to actions involving no monetary damages.  To the extent that Plaintiff seeks to declare any portion of Arizona law, ordinance, franchise or rule, including but not limited to, A.R.S. § 11-1051 unconstitutional, a notice of claim was required under A.R.S. § 12-1841.  The Plaintiff has also failed to comply with the procedures required for notification under Fed.R.Civ.P. 5.1(a) where they seek to declare a federal or state statute unconstitutional.

14. Defendants deny that venue is proper in the Superior Court of Arizona.

**PARTIES**

15. In answering Paragraph 15 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

16. In answering Paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations.

17. In answering Paragraph 17 of Plaintiff's Complaint, Defendants admit the allegations.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that Defendant Jim Driscoll is the Coconino County Sheriff and that the Complaint states he is being sued in his official capacity.

19. In answering Paragraph 19 of Plaintiff's Complaint, Defendants admit that the powers and duties of a sheriff are set forth in A.R.S. § 11-441 (A) and that A.R.S. § 48-4002(f) provides a basis for a county sheriff to exercise all powers and duties in operating and managing a jail "as provided by law."

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendants admit that Defendant Matt Figueroa is the Coconino County Jail Commander and that the Complaint states he is being sued in his official capacity.

21. In answering Paragraph 21 of Plaintiff's Complaint, Defendants admit only that Defendant Figueroa may formulate jail policy, subject to Sheriff Driscoll's approval.

22. In answering Paragraph 22 of Plaintiff's Complaint, Defendants admit only that Defendant Figueroa participated in the revisions to the jail policy that is the subject of the Complaint. To the extent Paragraph 22 of Plaintiff's Complaint alleges that the jail policy is unconstitutional, Defendants deny any such allegation.

23. In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit the allegations.

24. In answering Paragraph 24 of Plaintiff's Complaint, Defendants admit the allegations.

25. In answering Paragraph 25 of Plaintiff's Complaint, Paragraph 25 is directed at Defendants other than these answering Defendants and therefore, no response is required. To the extent a response is required, A.R.S. § 48-4001, *et seq* speaks for itself.

26. In answering Paragraph 26 of Plaintiff's Complaint, Paragraph 25 is directed at Defendants other than these answering Defendants and therefore, no response is required. To the extent a response is required, A.R.S. § 48-4002 speaks for itself.

27-31. In answering Paragraph 27-31 of Plaintiff's Complaint, these paragraph are directed at Defendants other than these answering Defendants and therefore, no response is required.

**GENERAL ALLEGATIONS**

32. In answering Paragraph 32 of Plaintiff's Complaint, Defendants admit that, at all relevant times, the Coconino County Sheriff's Office ("CCSO") had a

1  written policy setting out the appropriate steps for jail staff to follow when a Coconino
2  County Detention Facility ("CCDF") inmate is suspected of being unlawfully present in
3  the United States.
4         33.    In answering Paragraph 33 of Plaintiff's Complaint, Defendants
5  admit that CCSO issued a revised version of the jail policy that is the subject of Plaintiff's
6  Complaint.
7         34.    In answering Paragraph 34 of Plaintiff's Complaint, Defendants
8  admit the allegations.
9         35.    In answering Paragraph 35 of Plaintiff's Complaint, Defendants
10 admit only that a "Department of Homeland Security Immigration Detainer – Notice of
11 Action" with the form number "I-247A" and a second document entitled "U.S.
12 Department of Homeland Security Warrant for Arrest of Alien" and imprinted with the
13 form number "I-200" were signed by authorized ICE agents regarding Plaintiff.
14        36.    In answering Paragraph 36 of Plaintiff's Complaint, Defendants
15 admit that the jail policy states that "Inmates with an ICE Detainer will be allowed to post
16 bond on their local charges."
17        37.    In answering Paragraph 37 of Plaintiff's Complaint, Defendants
18 admit that the 2017 Jail Policy speaks for itself and no response is required.  To the extent
19 a response is required, Defendants assert that the Paragraph 37 fails to state the complete
20 policy and therefore, Defendants deny the allegations.
21        38.    In answering Paragraph 38 of Plaintiff's Complaint,  Defendants
22 admit that the 2017 Jail Policy speaks for itself and no response is required.  To the extent
23 a response is required, Defendants assert that the Paragraph 38 fails to state the complete
24 policy and therefore, Defendants deny the allegations.
25        39.    In answering Paragraphs 39-40 of Plaintiff's Complaint, Defendants
26 admit that an email purportedly from Mik Jordahl was sent to Defendant Figueroa and
27 County Attorney Bill Ring and the written communication speaks for itself.
28

6625858.1                         5

40-44.   In answering Paragraphs 41-44 of Plaintiff's Complaint, Defendants admit that a letter on ACLU letterhead was sent to Defendant Sheriff Driscoll.  The content of the ACLU's letter speaks for itself.  The remainder of the allegations call for a legal conclusion and therefore, no response is required.  To the extent a response is required, the remaining allegations are denied.

45.   In answering Paragraph 45 of Plaintiff's Complaint, Defendants admit that Defendant Sheriff Driscoll and County Attorney Bill Ring have met with citizens to discuss the 2017 Jail Policy, but because Plaintiff's Complaint fails to identify the names of the citizens, Defendants are without sufficient knowledge or information to admit or deny the time period of the specific discussions that occurred and therefore, deny same.

46.   In answering Paragraph 46 of Plaintiff's Complaint, this paragraph is directed at a person other than these answering Defendants and therefore, no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

47.   In answering Paragraph 47 of Plaintiff's Complaint, this paragraph is directed at a person other than these answering Defendants and therefore, no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

48.   In answering Paragraph 48 of Plaintiff's Complaint, Defendants deny their actions or policy violate the Arizona or United States Constitutions.

49.   In answering Paragraph 49 of Plaintiff's Complaint, Defendants admit only that in or around April 2017 when ICE announced its implementation of new policies concerning ICE Detainers, that Defendants suspended the jail policy in order to consider the legalities of ICE's new policies and the addition of the I-200 warrant, along with the ICE Detainer I-247A form.

50. In answering Paragraph 50 of Plaintiff's Complaint, Defendants admit that Plaintiff's bond was set by the Flagstaff Justice Court, but deny that their policy or practice prevented Plaintiff from posting a bond.

51. In answering Paragraph 51 of Plaintiff's Complaint, Defendants admit the allegations.

52. In answering Paragraph 52 of Plaintiff's Complaint, Defendants admit the allegations.

53. In answering Paragraph 53 of Plaintiff's Complaint, Defendants admit the allegations.

54. In answering Paragraph 54 of Plaintiff's Complaint, Defendants admit the allegations.

55. In answering Paragraph 55 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

56. In answering Paragraph 56 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

57. In answering Paragraph 57 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

58. In answering Paragraph 58 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

59. In answering Paragraph 59 of Plaintiff's Complaint, Defendants admit the allegations.

60. In answering Paragraph 60 of Plaintiff's Complaint, Defendants admit the allegations.

61.     In answering Paragraph 61 of Plaintiff's Complaint, upon information and belief, Defendants admit that CCSO has not received other documents from ICE related to Plaintiff.

62-64.  In answering Paragraphs 62-64 of Plaintiff's Complaint, Defendants admit that they received a Form I-247(A) – ICE Detainer Request and that document, which is Ex. D to Plaintiff's Verified Complaint, speaks for itself and therefore, no response is required.  To the extent a response is required, Defendants admit that the Form-I-247(A) – ICE Detainer Request states, among other things, that "DHS has determined that probable cause exists that the subject [Plaintiff] is a removable alien."

65-69.  In answering Paragraphs 65-69 of Plaintiff's Complaint, these paragraphs are directed at a person other than these answering Defendants and therefore, no response is required.  To the extent a response is required, Defendants admit that the Form I-247A Form, which is Ex. D to Plaintiff's Verified Complaint, speaks for itself and was directed to the CCDF.  It further states, among other things, that "DHS has determined that probable cause exists that the subject [Plaintiff] is a removable alien" and that it is signed by Deportation Officer Wagstaff.

70.     In answering Paragraph 70 of Plaintiff's Complaint, this paragraph is directed at a person other than these answering Defendants and therefore, no response is required.  To the extent a response is required, Defendants admit that the Form I-200 Warrant for Arrest, which is Ex. D to Plaintiff's Verified Complaint, speaks for itself and states that it is signed by Barry Jansen, an "authorized immigration officer."  The Form I-200 states, among other things, that probable cause has been determined to believe that Tenorio-Serrano, Guillermo is removable from the United States.

71.     In answering Paragraph 71 of Plaintiff's Complaint, Defendants admit that the Form I-200 Warrant for Arrest Form, which is Ex. D to Plaintiff's Verified Complaint speaks for itself and states that it is directed to any immigration officer authorized pursuant to Sections 236 and 287 of the Immigration and Nationality Act and

part 287 of Title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations.

72-74.   In answering Paragraph 72 through 74 of Plaintiff's Complaint, Defendants admit that the CCSO and CCDF does not participate in the federal program known as 287(g).

75-83.   In answering Paragraphs 75-83 of Plaintiff's Complaint, these paragraphs are directed at ICE and/or the Department Homeland Security, entities other than these answering Defendants and therefore, no response is required.  To the extent a response is required, Defendants admit that the Form I-200 Warrant, which is Ex. D to Plaintiff's Verified Complaint, speaks for itself.  It further states, among other things, that "…there is probable cause to believe that Tenorio-Serrano, Guillermo is removable from the United States" and that it is signed by an authorized Immigration Officer Barry P. Jansen.  Finally, to the extent Plaintiff alleges that the Form I-200 Warrant is unconstitutional, Defendants deny any such allegation.

84.   In answering Paragraph 84 of Plaintiff's Complaint, this paragraph is directed at ICE and/or the Department Homeland Security, entities than these answering Defendants and therefore, no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

85.   In answering Paragraph 85 of Plaintiff's Complaint, this paragraph is directed at ICE and/or the Department Homeland Security, entities other than these answering Defendants and therefore, no response is required.  To the extent a response is required, Defendants admit that the Form I-200 Warrant, which is Ex. D to Plaintiff's Verified Complaint, speaks for itself.

86-88.   In answering Paragraph 86-88 of Plaintiff's Complaint, these paragraphs are directed at ICE and/or the Department Homeland Security, an entities other than these answering Defendants and therefore, no response is required.  To the

extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

89-91.   In answering Paragraph 89-91 of Plaintiff's Complaint, Defendants deny the allegations.

92-93.   In answering Paragraphs 92-93 of Plaintiff's Complaint, Defendants admit that the Flagstaff Justice Court set bail on Plaintiff's DUI charges and that it had authority to do so.

94.   In answering Paragraph 94 of Plaintiff's Complaint, Defendants deny the allegations.

95.   In answering Paragraph 95 of Plaintiff's Complaint, Defendants admit the allegations.

96-105.   In answering Paragraphs 96-105 of Plaintiff's Complaint, Defendants deny the allegations.

106.   In answering Paragraph 106 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

107-110.   In answering Paragraphs 107-110 of Plaintiff's Complaint, Defendant deny the allegations.

## CLASS ACTION ALLEGATIONS

111-115.   In answering Paragraphs 111-115 of Plaintiff's Complaint, Defendants admit that Plaintiff's Complaint seeks to allege a class action, but deny that the prerequisites for establishing a class action under Rule 23 of the Federal Rules of Civil Procedure have been or can be met.

116-117.   In answering Paragraphs 116-117 of Plaintiff's Complaint, Defendants deny the allegations.

118.   In answering Paragraph 118 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

## COUNT 1

**Special Action Pursuant to A.R.S. § 12-2021 and the Arizona Rules of Special Action
(Respondents' violations of Article II, Section 8 of the Arizona Constitution)**

119.  In answering Paragraph 119 of Plaintiff's Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 118 as if fully set forth herein.

120-123.  In answering Paragraphs 120-123 of Plaintiff's Complaint, Defendants deny the allegations.

## COUNT 2

### Class Action

124.  In answering Paragraph 124 of Plaintiff's Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 123 as if fully set forth herein.

125-128.  In answering Paragraphs 125-128 of Plaintiff's Complaint, Defendants admit that Plaintiff's Complaint seeks to allege a class action, but deny that the prerequisites for establishing a class action under Rule 23 of the Federal Rules of Civil Procedure have been or can be met.

129.  In answering Paragraph 129 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

130.  In answering Paragraph 130 of Plaintiff's Complaint, Defendants admit that prosecuting separate actions by individual plaintiffs may create a risk of inconsistent determination, but deny that the prerequisites for establishing a class action under Rule 23 of the Federal Rules of Civil Procedure have been or can be met.

131-132.  In answering Paragraphs 131-132 of Plaintiff's Complaint, Defendants deny the allegations.

## COUNT 3

### (Injunctive Relief)

133. In answering Paragraph 133 of Plaintiff's Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 132 as if fully set forth herein.

134-136. In answering Paragraphs 134-136 of Plaintiff's Complaint, Defendants deny the allegations.

## COUNT 4

### (Declaratory Relief)

137. In answering Paragraph 137 of Plaintiff's Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 136 as if fully set forth herein.

138. In answering Paragraph 138 of Plaintiff's Complaint, Defendants deny the allegations.

139. In answering Plaintiff's Prayer for Relief, paragraphs A-N, Defendants deny that Plaintiff is entitled to the relief sought. Defendants are entitled to their attorney's fees and costs.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against these answering Defendants.

2. Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages owing by these answering Defendants by way of comparative negligence.

3. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under state and federal law.

4. Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), thereby warranting dismissal of this case. *See* 42 U.S.C. § 1997e(a).

5. Defendants assert the accepted practice of modern law enforcement is that an officer often makes arrests at the direction of another law enforcement officer even though the arresting officer himself lacks actual, personal knowledge of the facts supporting probable cause. *United States v. Jensen*, 425 F.3d 698, 704-705 (9th Cir. Mont. 2005) *United States v. Butler*, 74 F.3d 916, 921 (9th Cir. 1996). The collective knowledge doctrine applies here. The ICE officer's knowledge forming the basis of a probable cause determination may be imputed to local law enforcement officials. *City of El Cenizo,* 2018 WL 1282035 at *13 (citing to *Abel v. United States,* 362 U.S. 217, 233-34, 80 S.Ct. 683, 694 (1960).

6. Defendants did not violate Plaintiff's rights, and/or those similarly situated under the Arizona Constitution or the United States Constitution.

7. Plaintiff has not alleged, and is not able to establish, that Defendants proximately caused the deprivation of a right, privilege, or immunity protected by the Arizona Constitution or United States Constitution

8. Defendants assert that if, indeed, they are determined to be liable for the allegations alleged in the Complaint, then these answering Defendants are entitled to contribution from other Defendants, named and unnamed, by way costs and attorneys fees pursuant to of the doctrine of contribution.

9. Mandamus is a discretionary writ, and will be withheld where it would aid those who do not come into court with clean hands and public interest would be adversely affected. *Sines v. Holden*, 89 Ariz. 207, 360 P.2d 218 (1961).

10. "Mandamus" is extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty. *Board of Ed. of Scottsdale High School Dist. No. 212 v. Scottsdale Ed. Ass'n* ,109 Ariz. 342, 509

P.2d 612 (1973).  Arizona law does not specifically impose upon the Defendants any duty <u>not</u> to cooperate with the federal government.

11. Impossibility of performance is a recognized defense to mandamus. *Garcia v. City of South Tucson* (App.1983) 135 Ariz. 604, 663 P.2d 596; *Maricopa County v. State* (1980) 126 Ariz. 362, 616 P.2d 37.

12. The Defendants are entitled to Absolute Immunity provided under Arizona law pursuant to A.R.S. § 12-820.01(A) or (B).

13. The Plaintiff has failed to join indispensable or necessary parties under the Federal Rules of Civil Procedure.

14. The Plaintiff has failed to comply with the procedures required for notification under Fed.R.Civ.P. 5.1(a) and A.R.S. § 12-1841 where they seek to declare a federal or state statute unconstitutional.

15. Although these answering Defendants do not presently have specific facts in support of the remaining defenses, they wish to put counsel for Plaintiff upon notice that they raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, estoppel, illegality, and waiver.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that Plaintiff take nothing and that the Complaint be dismissed.  Defendants are entitled to costs under A.R.S. §§ 12-1840; 12-349; 11-1051(J).

In the event that Defendants James Driscoll and Matt Figueroa are entitled under applicable law to a jury trial on any issues in dispute, Defendants James Driscoll and Matt Figueroa, request trial by jury in the above-entitled matter.

DATED this 9th day of April 2018.

JONES, SKELTON & HOCHULI, P.L.C.


By *s/ Michele Molinario*
John T. Masterson
Michele Molinario
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendants James Driscoll
and Matt Figueroa

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April 2018, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

s/ *Mary M. Soto*

6625858.1

15