John T. Masterson, Bar #007447
Michele Molinario, Bar #020594
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7850
jmasterson@jshfirm.com
mmolinario@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendants James Driscoll and Matt Figueroa

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Guillermo Tenorio-Serrano, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>James Driscoll, Coconino County Sheriff; Matt Figueroa, Jail Commander of the Coconino County Jail; Matt Ryan, member of the Board of Directors of the Coconino County Jail District; Lena Fowler, member of the Board of Directors of the Coconino County Jail District; Jim Parks, member of the Board of Directors of the Coconino County Jail District; Elizabeth Archuleta, member of the Board of Directors of the Coconino County Jail District; Art Babbott, member of the Board of Directors of the Coconino County Jail District, all in their official capacities,<br><br>Defendants. | NO. 3:18-cv-08075-DGC-BSB<br><br>**Defendants' James Driscoll and Matt Figueroa's Answer to Verified First Amended Complaint for Declaratory Relief Injunctive Relief, and Special Action** |

Defendants, James Driscoll and Matt Figueroa, by and through undersigned counsel, for their Answer to Plaintiff's First Amended First Amended Complaint, admit, deny and allege as follows:

Defendants deny each and every, all and singular, of the allegations

6728669.1

contained in Plaintiff's First Amended First Amended Complaint and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pleaded to.

## COMPLAINT

## PRELIMINARY STATEMENT

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

2. In answering Paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff was arrested on December 11, 2017 and charged with various misdemeanors involving extreme driving under the influence of alcohol.

3. In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit the allegations.

4. In answering Paragraph 4 of Plaintiff's Complaint, Defendants deny the allegations.

5. In answering Paragraph 5 of Plaintiff's Complaint, Defendants deny the allegations.

6. In answering Paragraph 6 of Plaintiff's Complaint, Defendants deny the allegations.

## JURISDICTION AND VENUE

7. In answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit these allegations. Defendants affirmatively deny that have violated the U.S. Constitution.

8. In answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendants admit only that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1343. Defendants affirmatively deny that Plaintiff is entitled to any redress.

9. In answering Paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit this Court has authority to grant injunctive and declaratory relief under

28 U.S.C. §§ 1343, 2201, and 2202. Defendants affirmatively deny that any such relief is warranted in the instant case.

10. In answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendants admit this Court has authority to award attorneys' fees pursuant to 42 U.S.C. § 1988(b), as well as Rule 23(g)(1)(D) and 23(h) of the Federal Rules of Civil Procedure. Defendants affirmatively deny that any such award to Plaintiff is proper.

11. In answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit only that this Court has supplemental jurisdiction over Plaintiff's state law claims arising under the U.S. Constitution and federal laws, pursuant to 28 U.S.C. § 1367. Defendants affirmatively deny that Plaintiff is entitled to relief on any of these claims.

12. In answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit that venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

13. In answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

14. In answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

15. In answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

16. In answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Jim Driscoll is the Coconino County Sheriff and that the Complaint states he is being sued in his official capacity.

17. In answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendants admit that the powers and duties of a sheriff are set forth in A.R.S. § 11-441 (A) and that A.R.S. § 48-4002(f) provides a basis for a county sheriff to exercise all powers and duties in operating and managing a jail "as provided by law."

18. In answering Paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Matt Figueroa is the Coconino County Jail Commander and that the Complaint states he is being sued in his official capacity.

19. In answering Paragraph 19 of Plaintiff's First Amended Complaint, Defendants admit only that Defendant Figueroa may formulate Jail Policy, subject to Sheriff Driscoll's approval.

20. In answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendants admit only that Defendant Figueroa participated in the revisions to the Jail Policy that is the subject of the Complaint. To the extent Paragraph 22 of Plaintiff's Complaint alleges that the Jail Policy is unconstitutional, Defendants deny any such allegation.

21. In answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

22. In answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

23. In answering Paragraph 23 of Plaintiff's First Amended Complaint, Paragraph 23 is directed at Defendants other than these answering Defendants and, therefore, no response is required. To the extent a response is required, A.R.S. § 48-4001, et seq speaks for itself.

24. In answering Paragraph 24 of Plaintiff's First Amended Complaint, Paragraph 24 is directed at Defendants other than these answering Defendants and, therefore, no response is required. To the extent a response is required, A.R.S. § 48-4002 speaks for itself.

25-32. In answering Paragraph 25-32 of Plaintiff's First Amended Complaint, these paragraph are directed at Defendants other than these answering Defendants and therefore, no response is required.

6728669.1                                     4

**GENERAL ALLEGATIONS**

I. **CCO's 2017 Jail Policy**

33. In answering Paragraph 33 of Plaintiff's First Amended Complaint, Defendants admit that, at all relevant times, the Coconino County Sheriff's Office ("CCSO") had a written policy setting out the appropriate steps for Jail Staff to follow when a Coconino County Detention Facility ("CCDF") inmate is suspected of being unlawfully present in the United States.

34. In answering Paragraph 34 of Plaintiff's First Amended Complaint, Defendants admit that CCSO issued a revised version of the Jail Policy that is the subject of Plaintiff's Complaint.

35. In answering Paragraph 35 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

36. In answering Paragraph 36 of Plaintiff's First Amended Complaint, Defendants admit only that a "Department of Homeland Security Immigration Detainer – Notice of Action" with the form number "I-247A" and a second document entitled "U.S. Department of Homeland Security Warrant for Arrest of Alien" and imprinted with the form number "I-200" were signed by authorized ICE agents regarding Plaintiff.

37. In answering Paragraph 37 of Plaintiff's First Amended Complaint, Defendants admit that the Jail Policy states that "Inmates with an ICE Detainer will be allowed to post bond on their local charges."

38. In answering Paragraph 38 of Plaintiff's First Amended Complaint, admit that the 2017 Jail Policy speaks for itself and no response is required. To the extent a response is required, Defendants assert that Paragraph 38 fails to state the complete policy and, therefore, Defendants deny the allegations.

39. In answering Paragraph 39 of Plaintiff's First Amended Complaint, Defendants admit that the 2017 Jail Policy speaks for itself and no response is required. To the extent a response is required, Defendants assert that Paragraph 39 fails to state the

complete policy and therefore, Defendants deny the allegations.

40. In answering Paragraphs 40 of Plaintiff's First Amended Complaint, Defendants admit only that Defendant Figueroa participated in the revisions to the Jail Policy that is the subject of the Complaint, and that he was acting under color of state law when he did so.

41. In answering Paragraph 41 of Plaintiff's First Amended Complaint, Defendants admit only that Defendant Driscoll approved of the 2017 revisions to the policy.

42-44. In answering Paragraphs 42-44 of Plaintiff's First Amended Complaint, these allegations call for legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants admit only that Defendant Driscoll is a final policymaker with regards to Jail Policy for the CCFD, and that he approved of the revised 2017 Jail Policy.

45. In answering Paragraph 45 of Plaintiff's First Amended Complaint, Defendants admit only that the 2017 Jail Policy was in effect and implemented at all times relevant to Plaintiff's claims.

## II. **Defendants' Awareness of the Unlawfulness of the 2017 Jail Policy and of Mr. Tenorio-Serrano's Prolonged Jail Detention**

46-52. In answering Paragraphs 46-52 of Plaintiff's First Amended Complaint, these allegations call for legal conclusions and, therefore, no response is required. To the extent a response is required, A.R.S. § 11-1051, commonly known as "SB 1070" speaks for itself and, therefore, no response is required. Defendants affirmatively allege that SB 1070 states in pertinent part, "No official or agency of this state or a county, city, town or other political subdivision of this state may limit or restrict the enforcement of federal immigration laws to less than the full extent permitted by federal law." A.R.S. § 11-1051(A).

53-58. In answering Paragraphs 53-58 of Plaintiff's First Amended Complaint, Defendants assert that Advisory Opinion No. 16-010 speaks for itself and,

therefore, no response is required. Defendants also assert that Plaintiff mischaracterizes this opinion and its context by erroneously suggesting that Defendants conduct is contrary to it.  Further, only the Arizona Attorney General can speak to the intent and interpretation of this opinion and, therefore, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny the same.

59-60.   In answering Paragraphs 59-60 of Plaintiff's First Amended Complaint, Defendants admit that an email purportedly from Mik Jordahl was sent to Defendant Figueroa and County Attorney Bill Ring and the written communication speaks for itself.

61-64.   In answering Paragraphs 61-64 of Plaintiff's First Amended Complaint, Defendants admit that a letter on ACLU letterhead was sent to Defendant Sheriff Driscoll.  The content of the ACLU's letter speaks for itself.  The remainder of the allegations call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the remaining allegations are denied.

65.   In answering Paragraph 65 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Sheriff Driscoll and County Attorney Bill Ring have met with citizens to discuss the 2017 Jail Policy, but because Plaintiff's Complaint fails to identify the names of the citizens, Defendants are without sufficient knowledge or information to admit or deny the time period of the specific discussions that occurred and, therefore, deny same.

66.   In answering Paragraph 66 of Plaintiff's First Amended Complaint, this paragraph is directed at a person other than these answering Defendants and, therefore, no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny the same.

67.   In answering Paragraph 67 of Plaintiff's First Amended Complaint, this paragraph is directed at persons other than these answering Defendants and, therefore, no response is required.  To the extent a response is required, Defendants are without

sufficient knowledge or information to admit or deny the allegations and, therefore, deny the same.

68. In answering Paragraph 68 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny the same.

69. In answering Paragraph 69 of Plaintiff's First Amended Complaint, Defendants admit only that in or around April 2017 when ICE announced its implementation of new policies concerning ICE Detainers, Defendants suspended the Jail Policy in order to consider the legalities of ICE's new policies and the addition of the I-200 warrant, along with the ICE Detainer I-247A form.

70. In answering Paragraph 70 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff's bond was set by the Flagstaff Justice Court, but deny that their policy or practice prevented Plaintiff from posting a bond.

71-73. In answering Paragraphs 71-73 of Plaintiff's First Amended Complaint, Defendants deny these allegations.

### III. Mr. Tenorio-Serrano's Initial Arrest and Detention

74. In answering Paragraph 74 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

75. In answering Paragraph 75 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

76. In answering Paragraph 76 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

77. In answering Paragraph 77 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

78. In answering Paragraph 78 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

79. In answering Paragraph 79 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

80. In answering Paragraph 80 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

81. In answering Paragraph 81 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

### IV. ICE Involvement in Mr. Tenorio-Serrano's Case

82. In answering Paragraph 82 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

83. In answering Paragraph 83 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

84. In answering Paragraph 84 of Plaintiff's First Amended Complaint, upon information and belief, Defendants admit that CCSO has not received other documents from ICE related to Plaintiff.

**A. Form I-247A: ICE Detainer Request**

85-87. In answering Paragraphs 85-87 of Plaintiff's First Amended Complaint, Defendants admit that they received a Form I-247(A) – ICE Detainer Request and that document, which is Ex. D to Plaintiff's Amended Complaint, speaks for itself and, therefore, no response is required. To the extent a response is required, Defendants admit that the Form-I-247(A) – ICE Detainer Request states, among other things, that "DHS has determined that probable cause exists that the subject [Plaintiff] is a removable alien."

88-93. In answering Paragraphs 88-93 of Plaintiff's First Amended Complaint, these paragraphs are directed at a person other than these answering Defendants and, therefore, no response is required. To the extent a response is required,

Defendants admit that the Form I-247A Form, which is Ex. D to Plaintiff's Amended Complaint, speaks for itself and was directed to the CCDF. It further states, among other things, that "DHS has determined that probable cause exists that the subject [Plaintiff] is a removable alien" and that it is signed by Deportation Officer Wagstaff.

### B. Form I-200: ICE Administrative Warrant

94. In answering Paragraph 94 of Plaintiff's First Amended Complaint, this paragraph is directed at a person other than these answering Defendants and therefore, no response is required. To the extent a response is required, Defendants admit that the Form I-200 Warrant for Arrest, which is Ex. D to Plaintiff's Amended Complaint, speaks for itself and states that it is signed by Barry Jansen, an "authorized immigration officer." The Form I-200 states, among other things, that probable cause has been determined to believe that Tenorio-Serrano, Guillermo is removable from the United States.

95. In answering Paragraph 95 of Plaintiff's First Amended Complaint, Defendants admit that the Form I-200 Warrant for Arrest Form, which is Ex. D to Plaintiff's Amended Complaint speaks for itself and states that it is directed to any immigration officer authorized pursuant to Sections 236 and 287 of the Immigration and Nationality Act and part 287 of Title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations.

96-98. In answering Paragraphs 96-98 of Plaintiff's First Amended Complaint, Defendants admit that the CCSO and CCDF does not participate in the federal program known as 287(g).

99-107. In answering Paragraphs 98-107 of Plaintiff's First Amended Complaint, these paragraphs are directed at ICE and/or the Department Homeland Security, entities other than these answering Defendants and, therefore, no response is required. To the extent a response is required, Defendants admit that the Form I-200 Warrant, which is Ex. D to Plaintiff's Amended Complaint, speaks for itself. It further states, among other things, that "…there is probable cause to believe that Tenorio-Serrano, Guillermo is removable from the United States" and that it is signed by an

1 | authorized Immigration Officer Barry P. Jansen.  Finally, to the extent Plaintiff alleges that the Form I-200 Warrant is unconstitutional, Defendants deny such allegation.

108. In answering Paragraph 108 of Plaintiff's First Amended Complaint, this paragraph is directed at ICE and/or the Department Homeland Security, entities other than these answering Defendants and, therefore, no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

109. In answering Paragraph 109 of Plaintiff's First Amended Complaint, this paragraph is directed at ICE and/or the Department Homeland Security, entities other than these answering Defendants and, therefore, no response is required.  To the extent a response is required, Defendants admit that the Form I-200 Warrant, which is Ex. D to Plaintiff's Verified Complaint, speaks for itself.

110-112. In answering Paragraph 110-112 of Plaintiff's First Amended Complaint, these paragraphs are directed at ICE and/or the Department Homeland Security, entities other than these answering Defendants and, therefore, no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

113-115. In answering Paragraphs 113-115 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**V.    CCSO's Detention of Mr. Tenorio-Serrano**

116-117. In answering Paragraphs 116-117 of Plaintiff's First Amended Complaint, Defendants admit that the Flagstaff Justice Court set bail on Plaintiff's DUI charges and that it had authority to do so.

118. In answering Paragraph 118 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

119. In answering Paragraph 119 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

120-129.   In answering Paragraphs 120-129 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

130.   In answering Paragraph 130 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

131.   In answering Paragraph 131 of Plaintiff's First Amended Complaint, this paragraph is directed at a party other than these answering Defendants and, therefore, no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore deny the same.

132-135.   In answering Paragraphs 132-135 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## CLASS ACTION ALLEGATIONS

136-141. In answering Paragraphs 136-141 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff's First Amended Complaint seeks to allege a class action, but deny that the prerequisites for establishing a class action under Rule 23 of the Federal Rules of Civil Procedure have been or can be met. Therefore, Defendants deny these allegations.

142-145.   In answering Paragraphs 142-145 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

146-148.   In answering Paragraphs 146-148 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

149-150. In answering Paragraphs 149-150 of Plaintiff's First Amended Complaint, Defendants deny that the prerequisites for establishing a class action under Rule 23 of the Federal Rules of Civil Procedure have been or can be met, and therefore deny these allegations.

## COUNT 1

### (Injunctive Relief)

**On Behalf of Plaintiff and Class Members and Against Defendants Driscoll, Figueroa, Ryan, Fowler, Parks, Archuleta, and Babbott**

151. In answering Paragraph 151 of Plaintiff's Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 150 as if fully set forth herein.

152-154. In answering Paragraphs 152-154 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## COUNT 2

### (Declaratory Relief)

**On Behalf of Plaintiff and Class Members and Against Defendants Driscoll, Figueroa, Ryan, Fowler, Parks, Archuleta, and Babbott**

155. In answering Paragraph 155 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 154 as if fully set forth herein.

156. In answering Paragraph 156 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

157. In answering Paragraph 157 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## COUNT 3

**Violation of Fourth and Fourteenth Amendments to the U.S. Constitution**
**42 U.S.C. § 1983**

158. In answering Paragraph 158 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 157 as if fully set forth herein.

159. In answering Paragraph 159 of Plaintiff's First Amended Complaint, these allegations call for a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations.

160.    In answering Paragraph 160 of Plaintiff's First Amended Complaint, Defendants admit only that Defendant Figueroa participated in the revisions to the Jail Policy that is the subject of the Complaint, and Defendant Driscoll approved those revisions in 2017.

161-163.    In answering Paragraphs 161-163 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against these answering Defendants.

2.    Any injury suffered by Plaintiff, relevant to Plaintiff's claims, was caused by Plaintiff's own actions, or others, not related to these Defendants.

3.    Plaintiff's Complaint fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels and conclusions and threadbare recitals of the of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4.    Plaintiff has not alleged, and is not able to establish, that Defendants proximately caused the deprivation of a right, privilege, or immunity protected by the United States Constitution or federal law.

5.    Defendants assert that they are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal law as set forth in *Hunter v. Bryant,* 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

6.    Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under state law.

7.    Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), thereby warranting dismissal of this case. *See* 42 U.S.C. § 1997e(a).

8. Defendants assert the accepted practice of modern law enforcement is that an officer often makes arrests at the direction of another law enforcement officer even though the arresting officer himself lacks actual, personal knowledge of the facts supporting probable cause. *United States v. Jensen*, 425 F.3d 698, 704-705 (9th Cir. Mont. 2005) *United States v. Butler*, 74 F.3d 916, 921 (9th Cir. 1996). The collective knowledge doctrine applies here. The ICE officer's knowledge forming the basis of a probable cause determination may be imputed to local law enforcement officials. *City of El Cenizo,* 2018 WL 1282035 at *13 (citing to *Abel v. United States,* 362 U.S. 217, 233-34, 80 S.Ct. 683, 694 (1960).

9. Defendants did not violate Plaintiff's rights, and/or those similarly situated under the Arizona Constitution or the United States Constitution.

10. Plaintiff has not alleged, and is not able to establish, that Defendants proximately caused the deprivation of a right, privilege, or immunity protected by the Arizona Constitution or United States Constitution

11. Defendants assert that if, indeed, they are determined to be liable for the allegations alleged in the Amended Complaint, then these answering Defendants are entitled to contribution from other parties, persons, and/or entities, named and unnamed, by way costs and attorneys' fees.

12. Mandamus is a discretionary writ, and will be withheld where it would aid those who do not come into court with clean hands and the public interest would be adversely affected. *Sines v. Holden*, 89 Ariz. 207, 360 P.2d 218 (1961).

13. Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty. *Board of Ed. of Scottsdale High School Dist. No. 212 v. Scottsdale Ed. Ass'n* ,109 Ariz. 342, 509 P.2d 612 (1973). Arizona law does not specifically impose upon the Defendants any duty <u>not</u> to cooperate with the federal government.

14. Impossibility of performance is a recognized defense to mandamus. *Garcia v. City of South Tucson* (App.1983) 135 Ariz. 604, 663 P.2d 596; *Maricopa County v. State* (1980) 126 Ariz. 362, 616 P.2d 37.

15. The Defendants are entitled to Absolute Immunity provided under Arizona law pursuant to A.R.S. § 12-820.01(A) or (B).

16. The Plaintiff has failed to join indispensable or necessary parties under the Federal Rules of Civil Procedure.

17. The Plaintiff has failed to comply with the procedures required for notification under Fed.R.Civ.P. 5.1(a) and A.R.S. § 12-1841 since Plaintiff seeks to declare a federal or state statute unconstitutional.

18. Defendants have common law authority to maintain custody of inmates pursuant to a detainer request and warrant from the federal government.

19. Defendants have authority to maintain custody of federal inmates pursuant to common law and Defendants' general and inherent police powers and those rights available to them under A.R.S. §§ 11-441, 11-952, 31-121, and 31-122.

20. Defendants have inherent authority to maintain custody of inmates pursuant to a detainer under A.R.S. § 11-1051.

21. Under 8 U.S.C. § 1357(g)(8), Defendants acted under the color of Federal authority for purposes of determining liability on all of Plaintiff's claims.

22. Plaintiff cannot establish the prerequisites for a class action pursuant to Fed.R.Civ.P. 23.

22. Defendants are not subject to vicarious liability under 42 U.S.C. section 1983 as Plaintiff's Complaint fails to comply with the provisions of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

23. Defendants did not engage in a custom, policy, or practice of violating the constitutional rights of others.

24. Defendants, at all times pertinent to Plaintiff's Complaint, acted reasonably and appropriately under the totality of circumstances.

6728669.1

16

25. Defendants allege absolute and qualified immunity arising out of all incidents relating to Plaintiff's First Amended Complaint.

26. Defendants affirmatively allege that Plaintiff was prosecuted based upon probable cause which is a complete defense to Plaintiff's claims against them.

27. Although these answering Defendants do not presently have specific facts in support of the remaining defenses, they wish to put counsel for Plaintiff upon notice that they raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, estoppel, illegality, and waiver.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants pray that Plaintiff take nothing and that the First Amended Complaint be dismissed. Defendants are entitled to costs under A.R.S. §§ 12-1840; 12-349; 11-1051(J).

In the event that Defendants James Driscoll and Matt Figueroa are entitled under applicable law to a jury trial on any issues in dispute, Defendants James Driscoll and Matt Figueroa, request trial by jury in the above-entitled matter.

DATED this 14th day of May 2018.

JONES, SKELTON & HOCHULI, P.L.C.


By *s/ Michele Molinario*
John T. Masterson
Michele Molinario
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants James Driscoll
and Matt Figueroa

6728669.1

17

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May 2018, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

s/ *Mary M. Soto*